1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MATTHEW G. SILVA,

    Plaintiff,

    v.

WASHINGTON STATE
DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

NO.  CV-08-5017-RHW

**ORDER DENYING PLAINTIFF'S
MOTION TO REMAND**

Before the Court is Plaintiff's Motion to Remand (Ct. Rec. 5).  The motion was heard without oral argument.

Plaintiff, a prisoner at the Washington State Penitentiary, brings this *pro se* action asserting that Defendants obstructed his access to the courts and mail, maintained inhumane conditions, and participated in violations of law by authorizing and indemnifying bad faith misconduct in violation of Plaintiff's constitutional rights.  Plaintiff is actively litigating over twenty-two actions that challenge the fact and/or conditions of his confinement.

Plaintiff originally filed this action in Walla Walla County Superior Court on February 20, 2008.  Plaintiff is asserting seven claims under 42 U.S.C. § 1983 and state law claims.  Defendants removed this action to the Eastern District of Washington on March 10, 2008.  On March 20, 2008, Plaintiff filed a "Response to Defendants' Removal Petition" which the Court construed as a Motion to Remand. In his response, Plaintiff asserts that Defendants did not timely remove the action. Plaintiff claims that the 30-day window with which to remove the case to federal

**ORDER DISMISSING COMPLAINT AND CLOSING FILE ~ 1**

court began to toll when Defendant Vaaia Gaines was personally served on December 31, 2007.  Plaintiff also objected to the notice of appearance by Rob McKenna in his acapacity as Attorney General of the State of Washington claiming Mr. McKenna has forfeited his office by failing to execute and file a bond with the Secretary of State in violation of Wash. Rev. Code § 43.10.010.  Plaintiff asks the Court to order Attorney General McKenna and the undersigned counsel to withdraw from this case.

Defendants point out that some of the Defendants had not been served at the time of the removal and argue that the Court should impose the last-served rule to find that the removal was timely.

The removal of a state action to federal court is governed by 28 U.S.C. § 1446, which provides in part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The Supreme Court has not addressed when the thirty-day window for removal commences in cases involving multiple defendants served at different points in time.  The Ninth Circuit has remained silent on the issue.[1]

Judge VanSickle addressed this same issue in *Griffith v. American Home Prod. Corp.*, 85 F.Supp.2d 995 (E.D. Wash. 2000).  In that case, Judge Van Sickle

---

[1]As recent as May 29, 2008, the Ninth Circuit has acknowledged that it has not answered the question of which is the better position, the first-served defendant rule or the last-served defendant rule. *See Osanitsch v. Marconi PLC,* 2008 WL 2225574 (9th Cir. 2008).  In *United Computer Systems, Inc., v. AT & & Corp.,* 298 F.3d 756 (9th Cir. 2002), the Ninth Circuit, in dicta, noted that the first-served defendant rule may encourage unfair litigation tactics. 298 F.3d at 762, n.4.

**ORDER DISMISSING COMPLAINT AND CLOSING FILE** ~ 2

analyzed the three rules the courts have used to govern service of process in multi-defendant cases and determined that the better of the three rules is the "later-served" defendant rule, relying on the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). The Court adopts the reasoning of Judge VanSickle and finds that the "later-served" defendant rule should be applied to the case at bar. In so finding, the Court finds that the removal notice was timely.

The Court rejects Plaintiff's arguments that Attorney General McKenna and the undersigned counsel should withdraw from the case. These arguments are without merit.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion to Remand (Ct. Rec. 5) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 10th day of September, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\Silva\deny.wpd

**ORDER DISMISSING COMPLAINT AND CLOSING FILE ~ 3**